T.C. Summary Opinion 2002-65

UNITED STATES TAX COURT

GEORGE A. & DELORES COOPER, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23764-97S.                    Filed May 31, 2002.

George A. Cooper and Delores Cooper, pro sese.

Jack T. Anagnostis, for respondent.

DINAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioners' Federal income taxes of $4,819, $4,369, and $2,786 for the taxable years 1994, 1995, and 1996.

The issues for decision are:  (1) Whether petitioners are entitled to disallowed deductions for medical expenses, charitable contributions, personal property taxes, and miscellaneous itemized deduction expenses; and (2) whether petitioners received unreported interest and dividend income.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Willingboro, New Jersey, on the date the petition was filed in this case.

The first issue for decision is whether petitioners are entitled to various disallowed deductions.  On their joint Federal income tax returns, petitioners claimed deductions for the following expenses for each respective year:

|                                   | 1994    | 1995    | 1996    |
|-----------------------------------|---------|---------|---------|
| Medical expenses                  | $19,541 | $19,647 | $12,465 |
| Charitable contributions          | 2,985   | 3,026   | 2,142   |
| Misc. itemized deduction expenses | 4,754   | 4,651   | 2,595   |
| Personal property taxes           | 3,759   | 764     | -0-     |

In the statutory notice of deficiency, respondent disallowed all of these deductions.  Respondent concedes that petitioners paid employee business expenses of $705 in each year for purchases of boots and safety glasses.

A taxpayer generally must keep records sufficient to establish the amounts of the items reported on his Federal income tax return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. However, in the event that a taxpayer establishes that a deductible expense has been paid but that he is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). We cannot estimate a deductible expense, however, unless the taxpayer presents evidence sufficient to provide some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Special substantiation rules exist for charitable contributions: A deduction for charitable contributions generally is not allowed in the absence of written records. Sec. 1.170A-13, Income Tax Regs; see also sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. Specific requirements, which vary according to the type and amount of the contributions, do not need to be set out in detail here.

Petitioners admit that they have no substantiating documents for the various disallowed expense deductions. Petitioners also were unable to provide at trial any reliable details concerning the payment of the expenses, other than with respect to the

purchases of the boots and safety glasses. Consequently, we sustain respondent's determination that petitioners are not entitled to deductions for any of the other expenses. Furthermore, petitioners are not entitled to deductions for the employee business expenses conceded by respondent. Employee business expenses generally are allowed as deductions under section 162(a). However, such expenses are miscellaneous itemized deductions and are allowed only to the extent that the aggregate of all miscellaneous itemized deductions exceeds 2 percent of adjusted gross income. See secs. 62, 63, 67. Petitioners' adjusted gross income was $68,797 in 1994, $68,865 in 1995, and $76,314 in 1996. Petitioners were allowed no other miscellaneous itemized deductions in any of the years in issue. Thus, they are not entitled to any deduction for the yearly $705 expense because it does not exceed 2 percent of adjusted gross income in any year.

The second issue for decision is whether petitioners received unreported interest and dividend income. Respondent determined that petitioners received unreported interest income of $42 in 1994 and unreported dividend income of $80 in 1994 and $91 in 1995.

Gross income generally includes income from whatever source derived, including interest and dividend income. Sec. 61(a)(4), (7). Petitioners admit that they received but did not report the

income reflected in the notice of deficiency.  Respondent's determination in this regard is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.